Served
- Not Served
.0 - Served By Mail
.20 - Served By Publication

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

Summons

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOHN and JANE DOE, individually and as
parents and next friends of DOE CHILD, a
minor;

       Plaintiffs,

          v.

COMMUNITY CONSOLIDATED SCHOOL
DISTRICT 15; JENNY GROSCH, individually
and as an agent of Community Consolidated
School District 15; DOE TEACHERS 1-3,
individually and as an agents of Community
Consolidated School District 15,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# 17L000647

No. 16 L

**Please Serve:**
Jenny Grosch
580 N 1st Bank Drive,
Palatine, IL 60067

## SUMMONS

To:    **All Defendants**

    **YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee,** in the office of the Clerk of this Court at the following location:  Richard J. Daley Center, 50 West Washington Street, Room **801**, Chicago, Illinois 60602.

    You must file within 30 days after service of this summons, not counting the day of service.

    **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT A

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |

**Summons**

Atty. No.: 35875
Name: Bhavani Raveendran/Romanucci & Blandin
Attorney for: Plaintiff
Address: 321 North Clark Street, Suite 900
City/State/Zip: Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net

WITNESS ___DOROTHY BROWN___, _____
CLERK OF CIRCUIT COURT

JAN 1 9 2017

Date of service:_____, _____
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



**DIE DATE**
**02/18/2017**

**DOC.TYPE:** LAW
**CASE NUMBER:** 17L000647
**DEFENDANT**
COMMUNITY CONSOLIDATED SCHOOL DISTRICT 8CO
580 N 1ST BANK DR
PALATINE, IL 60067

**SERVICE INF**
ED D

**ATTACHED**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, a minor; | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| COMMUNITY CONSOLIDATED SCHOOL DISTRICT 15; JENNY GROSCH, individually and as an agent of Community Consolidated School District 15; | ) ) ) ) ) | No. 16 L |
| Defendants. | ) ) ) ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |

2017L000647
CALENDAR/ROOM F
TIME 00:00
Tort - Intentional

## COMPLAINT AT LAW

NOW COME the Plaintiffs, JOHN and JANE DOE, individually and as Parents and Next Friends of DOE CHILD, a minor (collectively "Plaintiffs"), by and through their attorneys, and complaining against Defendants, COMMUNITY CONSOLIDATED SCHOOL DISTRICT 15 (hereinafter "School District 15"); and JENNY GROSCH, individually and as agent of COMMUNITY CONSOLIDATED SCHOOL DISTRICT 15; (collectively "Defendants"), pleading hypothetically and in the alternative, state as follows:

### PARTIES

**Plaintiffs**

1.      Plaintiffs JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, are residents of the City of Inverness, Cook County, Illinois.

2.      Plaintiff DOE CHILD was born in 2002, is a minor, and is a resident of the City of Inverness, Cook County, Illinois. DOE CHILD attended Marion Jordan School at all relevant times.

**Defendants**

3.      Defendant SCHOOL DISTRICT 215, is a municipal corporation existing by and under the laws of the State of Illinois, with its principal place of business located in Palatine, Cook County, Illinois.

4.      JENNY GROSCH ("GROSCH"), was an agent of SCHOOL DISTRICT 215 and was the Principal of Marion Jordan School at all relevant times. GROSCH has been employed by SCHOOL DISTRICT 215 in that position at all relevant times. As Principal, GROSCH has a duty to supervise and protect the physical safety of students at Marion Jordan at all times. This includes a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq.* As Principal, GROSCH also has the ability and authority to take corrective action on behalf of SCHOOL DISTRICT 15 to stop harassment, violence, and bullying, and to discipline perpetrators of such conduct.

## FACTUAL ALLEGATIONS

5.  DOE CHILD has been diagnosed with Mixed Receptive-Expressive Language Disorder, Predominantly Inattentive Type Disorder, and Attention Deficit Hyperactivity Disorder.

6.  Accordingly, DOE CHILD has had an Individualized Education Program (hereinafter "IEP") in place every school year since spring of 2010, to provide him with required accommodations at school, including some special education classes.

7. DOE CHILD's IEP is updated every year to reflect DOE CHILD's evolving education needs.

8. The foremost way in which DOE CHILD's particular disabilities manifest themselves is in his ability to communicate and socialize. DOE CHILD takes all statements literally and verbatim, regardless of the circumstances, the person's tone, or the person's intended meaning.

9. The disabilities that DOE CHILD struggled with made him a target for unwanted attention and bullying from his peers.

10. Upon information and belief, Marion Jordan School faculty and staff, including Defendant GROSCH, were aware that DOE CHILD was continuously subjected to unwanted attention and bullying from his peers.

11. DOE CHILD has attended the Marion Jordan School, from the first day of the 2009-2010 academic year.

12. Upon information and belief, due to an inherent misunderstanding of his disability, DOE CHILD's IEP listed Attention Deficit Hyperactivity Disorder (hereinafter "ADHD") as his main disability and as a result DOE CHILD's educational accommodations only addressed his ADHD, despite evidence indicating that DOE CHILD's language disability was his principal obstacle in an educational environment.

13. DOE CHILD's IEP plan has continuously avoided detailing DOE CHILD's language disabilities, his corresponding special needs, and his required educational accomodations.

14. DOE CHILD attended Marion Jordan School during the 2013-2014 academic year.

15. DOE CHILD's IEP for the 2013-2014 school year indicated special directions and increased attention that DOE CHILD required, including:

    a. Requiring repetition and clarification for listening comprehension.

    b.  Difficulty attending to, retaining, and processing auditory information.

    c.  Difficulty answering abstract questions and misinterpreting the main idea.

16.      Despite DOE CHILD's IEP and his disability's symptom of interpreting statements as verbatim without taking the circumstances into consideration, DOE CHILD had been taught by Marion Jordan faculty and staff not to "tattle" if other kids were bothering him.

17.      Due to his disability, DOE CHILD interpreted the statement not to tattle verbatim and to apply no matter what degree of abuse or bullying he faced.

18.      DOE CHILD required specialized attention and supervision, which the teachers and faculty of Marion Jordan were exceedingly aware of.

19. Upon information and belief, during the 2013-2014 academic year, School District 15's "Parent/ Student Handbook" (hereinafter "Handbook") was in effect at Marion Jordan School.

20. The Handbook contains provisions that prohibit harassment, hazing, bullying, intimidation, engaging in aggressive behaviors, or encouraging others to do so among other things, stating that "Harassment or bullying of any kind (physical, verbal, non-verbal, or sexual) will not be tolerated."

21. The Handbook specifically prohibits bullying on the basis of actual or perceived physical or mental disability, alongside many other protected classes, during any school sponsored education program or activity and while at the school, its property, or on its school busses.

22. The Handbook applies its disciplinary structure to bullying incidents, describing the consequences of violating provisions of the Handbook.

23. According to the Handbook, "bullying" includes "any severe or pervasive physical or verbal act or conduct... directed toward a student or students that has or can be reasonably predicted to have the effect of one or more of the following: (1) Placing the student or students in

reasonable fear of harm to the student's or students' person or property. (2) Causing a substantially detrimental effect on the student's or students' physical or mental health. (3) Substantially interfering with the student's or students' academic performance; or (4) Substantially interfering with the student's or students' ability to participate in or benefit from the services, activities, or privileges provided by a school."

24. After an incident of bullying occurs the Handbook requires that the Superintendent/designee enforce the board policy of prohibiting harassment of student by "conducting a prompt and thorough investigation of alleged incidents of bullying, intimidation, or harassing behavior", "providing each student who violates one or more of these policies with appropriate consequences and remedial action", and "protecting students against retaliation for reporting such conduct".

25. The Handbook also reiterates the District policy and State law requirement that teachers maintain discipline and fulfill their obligation to report acts of bullying.

26. The Handbook applies to students during school hours including breaks or recess spent outside, on school grounds.

27. Marion Jordan School faculty and staff, under the command of Defendant GROSCH, are responsible for supervising the students during outdoor breaks or recess.

28. During the winter months, the Marion Jordan School often has a snow pile within the area students are permitted to play during outdoor breaks or recess.

29. Upon information and belief, during the winter months, the snow pile is located on the playground field on the western side of Marion Jordan School, in or about 30 yards from the West-facing doors of Marion Jordan School.

30. During the winter months, Marion Jordan students, including DOE CHILD, participated in building snow forts and other snow activities behind the snow pile, which is several feet high, during their outdoor breaks or recess.

31. The existence of the snow pile and the acceptance of children playing on and behind it, is a condition which the school condoned, causing and allowing the students to hide behind it, where they could not be seen or supervised.

32. Upon information and belief, during the winter months, Marion Jordan School faculty and staff responsible for supervising the students during outdoor breaks or recess remain within the doors of the school or near the doors of the school regardless of their duty to supervise the students.

33. Upon information and belief, during the winter months, Marion Jordan School faculty and staff responsible for supervising the students during outdoor breaks or recess are aware that students play behind the snow pile.

34. Upon information and belief, during the winter months, Marion Jordan School faculty and staff responsible for supervising the students during outdoor breaks or recess chose to stand within the doors of the school or near the doors of the school making it impossible to see behind the snow pile.

35. Upon information and belief, during the winter months, Marion Jordan School faculty and staff responsible for supervising the students during outdoor breaks or recess chose to stand within the doors of the school or near the doors of the school making it impossible to supervise students behind the snow pile.

36. Upon information and belief, Marion Jordan School faculty and staff responsible for supervising the students during outdoor breaks or recess knew it was impossible to supervise behind the snow pile.

37. On multiple occasions between December 2013 and February 2014, DOE CHILD's classmates who regularly harassed him, sought him out during outdoor breaks or recess to "ride the [DOE] train".

38.   On multiple occasions between December 2013 and February 2014, while DEFENDANT School District 15's actual agents, apparent agents, employees and/or servants, knowingly failed to oversee DOE CHILD despite his special needs and subjected DOE CHILD to an unsupervised environment, DOE CHILD's classmates performed the following acts:

     a.  climbed on top of DOE CHILD as he lay face down on the ground;

     b.  held DOE CHILD down so that he could not resist;

     c.  touched DOE CHILD inappropriately;

     d.  repeatedly gyrated on and against DOE CHILD's backside and rear, and on at least one occasion, against DOE CHILD's front; and

     e.  repeatedly yelled "Woohoo", "Ride the DOE Train", "Ride the DOE Horse" while continuing to gyrate upon DOE CHILD.

39.   After each occasion, DOE CHILD's classmates told him not to tell anyone what was being done to him.

40.   After at least one occasion, a friend of DOE CHILD asked DOE CHILD's classmates to leave him alone but DOE CHILD's classmates told his friend to "stay out of it".

41. The aforementioned actions were performed by at least two of DOE CHILD's classmates on at least two separate occasions, while Marion Jordan School faculty and staff responsible for supervising the students during outdoor breaks or recess remained within the doors of the school or near the doors of the school regardless of their duty to supervise the students.

42. The aforementioned actions were performed behind the snow pile, which obstructed the view of Marion Jordan School faculty and staff responsible for supervising the students during outdoor breaks or recess.

43. On multiple occasions between December 2013 and February 2014, DEFENDANT School District 15's actual agents, apparent agents, employees and/or servants were present when DOE CHILD's classmates sexually assaulted and battered DOE CHILD, and did nothing to stop it.

44. Defendant School District 15's actual agents, apparent agents, employees and/or servants, whose responsibility included overseeing special needs children during outside breaks and recess, knew or should have known that subjecting DOE CHILD to an unsupervised environment, despite their awareness of his disability and his vulnerability to harassment from his peers, caused him to be extremely susceptible to maltreatment, bullying and abuse.

45. Defendant School District 15's actual agents, apparent agents, employees and/or servants, whose responsibility included, overseeing children and their behavior during outside breaks and recess, knew or should have known that by not supervising their charges such acts of bullying, harassment, and sexual assault could occur and go unnoticed.

46.       Defendant School District 15's actual agents, apparent agents, employees and/or servants, whose responsibility included, overseeing children and their behavior during outside breaks and recess, did not supervise their charges.

47. Defendants' agents never reported the subject incidents, occurring during the outdoor breaks or recesses under their supervision to Plaintiffs JANE and JOHN DOE or their principal Defendant GROSCH.

48. On January 15, 2014, Plaintiffs JANE AND JOHN DOE grew increasingly concerned with changes in behavior and attitude exhibited by DOE CHILD, including behavior that was sexual in nature, specifically, gyrating on others.

49. On February 27, 2014, Plaintiffs JANE AND JOHN DOE reached out to and met with Defendant GROSCH detailing the physical and sexual assaults that her son had endured during the outdoor breaks or recesses supervised by Defendant School District 15's actual agents, apparent agents, employees and/or servants.

50. Upon information and belief, between the February 27, 2014 meeting with Plaintiffs JANE and JOHN DOE and the February 28, 2014 meeting with Plaintiffs JANE and JOHN DOE, Defendant GROSCH conducted and concluded her investigation by questioning DOE CHILD and 1-3 other children, thought to be involved.

51. On February 28, 2016 Plaintiffs JANE and JOHN DOE once again met with Defendant GROSCH, after Defendant GROSCH indicated that she had finished her investigation.

52. At said meeting, Defendant GROSCH informed Plaintiffs JANE and JOHN DOE that the offending classmate, a known bully of CHILD DOE, was CHILD DOE's friend and was playing a "bull-riding game" with the consent of CHILD DOE.

53. On February 28, 2014, Defendant GROSCH suggested to Plaintiffs JANE and JOHN DOE that all of the offending students would meet with CHILD DOE and apologize to him, as the singular remedial measure.

54. Fearing reprisals and an increase of embarrassment and emotional distress to DOE CHILD if he were forced to meet with his persecutors, Plaintiffs JANE and JOHN DOE requested alternative remedial measures.

55. Defendant GROSCH provided no additional suggestions for remedial measures.

56. Defendant GROSCH did not suggest or provide the opportunity for Plaintiffs JANE and JOHN DOE to make changes to DOE CHILD's IEP, in order to protect him from future abuse.

57. On or about February 28, 2014, DOE CHILD was shoved to the ground onto another student by one of the offending classmates, during an unsupervised outdoor break or recess.

58. On March 1, 2014, Plaintiff JANE DOE's sister, the aunt of DOE CHILD, made a report of the subject incidents to the Department of Children and Family Services and informed Defendant GROSCH.

59. The Department of Children and Family Services made a report of the subject incidents to the local police department.

60. Seeing no further action taken to protect DOE CHILD, monitor the situation, or educate the Marion Jordan community and fearing further abuse and/or retaliation, JANE DOE and JOHN DOE, began to use homebound and homeschooling to educate DOE CHILD on March 3, 2014 from the family home, with School District 15 teachers visiting DOE CHILD.

61. Seeing no further action taken to protect DOE CHILD, monitor the situation, or educate the Marion Jordan community and fearing further abuse and/or retaliation, JANE DOE and JOHN DOE, moved DOE CHILD to a private school with great difficulty and expense to protect him, where he remains to this day.

62. Since the subject incident, DOE CHILD has been struggling with educational and social setbacks, emotional distress, and sexual aggression which he sees a therapist to address.

63. Defendants DOE TEACHERS 1-3 and Defendant GROSCH took no action to discipline any of the students for their roles in the abuse suffered by DOE CHILD, beyond asking them to apologize to DOE CHILD.

64. Defendant GROSCH never disciplined Defendant School District 15's actual agents, apparent agents, employees and/or servants, for their failure to supervise outdoor breaks or recess.

65.     Defendant GROSCH took no action to alter, change, edit, or add to the Handbook in order to minimize the abuse and retaliation suffered by DOE CHILD.

66.     Defendant GROSCH took no action to enforce the provisions of the Handbook with respect to harassment, hazing, bullying, intimidation, engaging in aggressive behaviors, or encouraging others to do so among other things in order to minimize the abuse and retaliation suffered by DOE CHILD.

67.     Defendant GROSCH took no action to educate students, parents, teachers, or coaches about hazing, assaults, sexual assaults, and/or batteries in order to minimize the abuse and retaliation suffered by DOE CHILD.

68.     Defendant GROSCH took no action to report the subject incidents to the Department of Children and Family Services, the local police department, or to any other agency in order to minimize the abuse and retaliation that was suffered by CHILD DOE.

69.     As a result, Defendant GROSCH and School District 15 affirmatively sanctioned Marion Jordan's custom or practice of not adequately supervising and turning a blind eye to bullying, battery, and assaults occurring during outdoor breaks or recess.

## COUNT I—WILFUL AND WANTON CONDUCT
**(Brought by John and Jane Doe A and Doe Child A against School District 15, and Jenny Grosch, as agent)**

70.     Plaintiffs incorporate by reference all preceding paragraphs.

71. During the 2013-2014 academic year, School District 15, by and through its agent, Defendants GROSCH, had a duty to supervise and protect the physical safety of Marion Jordan students and to refrain from acting with an utter indifference and/or conscious disregard for the safety of School District 15 students attending Marion Jordan, including DOE CHILD.

72. School District 15 by and through its agents, Defendant GROSCH, breached its duty to DOE CHILD because: (a) Defendants knew or should have known that by not supervising their charges such acts of bullying, harassment, and sexual assault could occur and go unnoticed; (c) Defendants knew or should have known that their failure to properly supervise outdoor breaks or recess posed a high probability of serious harm to students, including DOE CHILD; and (d) Defendants recklessly or consciously disregarded the substantial risks posed by not supervising outdoor breaks or recess.

73. As a direct and proximate result of these willful and wanton acts and/or omissions, DOE CHILD sustained serious injuries and suffered severe emotional distress.

74. WHEREFORE, Plaintiffs JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, and DOE CHILD pray for judgment against Defendant School District 15 and Defendant GROSCH, as agent of School District 15, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

## COUNT II—WILFUL AND WANTON CONDUCT
**(Brought by John and Jane Doe and Doe Child against Jenny Grosch, individually)**
75. Plaintiffs incorporate by reference all preceding paragraphs.

76. During the 2013-14 academic year, Defendant GROSCH and Defendant School District 15's actual agents, apparent agents, employees and/or servants, had a duty to supervise and protect the physical safety of the Marion Jordan students under their care and to refrain from acting with an utter indifference and/or conscious disregard for the safety of School District 15 students, including DOE CHILD.

77. Defendant GROSCH and Defendant School District 15's actual agents, apparent agents, employees and/or servants, breached their duty to DOE CHILD because: (a) Defendants knew or should have known that by not supervising their charges such acts of bullying, harassment, and sexual assault could occur and go unnoticed; (c) Defendants knew or should have known that their failure to properly supervise outdoor breaks or recess posed a high probability of serious harm to students, including DOE CHILD; and (d) Defendants recklessly or consciously disregarded the substantial risks posed by not supervising outdoor breaks or recess.

78. As a direct and proximate result of these willful and wanton acts and/or omissions, DOE CHILD sustained serious injuries and suffered severe emotional distress.

79. WHEREFORE, Plaintiffs JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, and DOE CHILD pray for judgment against Defendant GROSCH, individually, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

## COUNT III—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Brought by John and Jane Doe and Doe Child against Jenny Grosch, individually)**
80.　　　Plaintiffs incorporate by reference all preceding paragraphs.

81. While serving as DOE CHILD's school principal during the 2013-14 academic year, Defendant GROSCH had a duty to refrain from acting with extreme and outrageous conduct toward the students they supervised, including DOE CHILD.

82. While serving as DOE CHILD's school principal, and despite duties, Defendant GROSCH engaged in extreme and outrageous conduct by Continuously ignoring DOE CHILD's language disabilities and corresponding special needs; focusing solely on and treating DOE CHILD as though he only struggled with ADHD, despite information to the contrary; telling DOE CHILD not to tattle without taking his language disorder into consideration; continuously looking the other way when DOE CHILD was teased or bullied by other students; tolerating harassment and bullying in direct violation of district policy; placing DOE CHILD in a harmful environment by remaining near or inside the doors and knowingly avoiding their responsibility to supervise students playing near the snow pile; detrimentally effecting DOE CHILD's mental health and the substantially interfering with DOE CHILD's academic performance and ability to benefit from school services; not observing, supervising or investigating DOE CHILD lying face down in the snow; standing idly by while DOE CHILD was held down so that he could not resist and assaulted in a sexual manner by another student; allowing students to play in an area where teachers' view was obstructed; never reporting the subject incidents to their superiors or DCFS; taking no action to discipline students involved in abusing DOE CHILD; never disciplining any teachers for their failure to supervise outdoor breaks or recess; taking no action to educate students, teachers, and staff about assaults and/or bullying; and providing no solution whatsoever to address DOE CHILD's safety concerns.

83. Defendant GROSCH intended her conduct to inflict severe emotional distress on DOE CHILD or recklessly or consciously disregarded the probability of causing emotional distress to DOE CHILD.

84. Defendant GROSCH acted with willful, malicious and with knowledge of or with conscious disregard of the harm that would be inflicted upon Plaintiff by allowing DOE CHILD and other Marion Jordan students to be unsupervised during outdoor breaks or recess.

85. As a direct and proximate result of the acts and omissions set forth above DOE CHILD has been damaged in that he suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety that has resulted in permanent damage to her social and emotional well-being and has impaired her ability to function at a level at which she could reasonably have been expected to function.

86. WHEREFORE, Plaintiffs JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, and DOE CHILD pray for judgment against Defendant GROSCH, individually, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

## COUNT IV—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 (MONELL CLAIM)
### (Brought by John and Jane Doe A and Doe Child A against School District 15, and Jenny Grosch, as agent)

87. Plaintiffs incorporate by reference all preceding paragraphs.

88. The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy and widespread custom of not supervising, monitoring or protecting students during outdoor breaks and recess and subsequently not reporting or sufficiently investigating bullying that occurs.

89. This *de facto policy* and widespread custom of Defendant SCHOOL DISTRICT 15 is implemented by the Superintendent, Principals, including Defendant GROSCH,

Assistant Principals, Board members, and other employees of the said Defendant, all acting under the color of law, who chose to violate Plaintiff's constitutional rights, without rightful authority of law.

90.   The existence of the *de facto* policy and widespread custom described above has been known or should have been known to supervisory and policy making officers and officials of Defendant SCHOOL DISTRICT 15 for a substantial period of time.

91.   Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the Defendant SCHOOL DISTRICT 15 has not taken steps to determine the said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained the Superintendent, Principals, including Defendant GROSCH, Assistant Principals, Board members, and other employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

92.   That DOE CHILD has a clearly established right to equal access to all benefits and privileges of a public education and a right to be from offensive harassment in school.

93.   School District 15's written policies and procedures, undertaking to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for District 15 employees;

94.   School District 15 purports to follow a policy, outlined in the Handbook, of zero tolerance for harassment or bullying of any kind during any school sponsored

program or activity on school property, specifically prohibiting bullying on the basis of actual or perceived physical or mental disability.

95.     According to School District 15 policy, the superintendent or designee has certain responsibilities when a report of bullying or abuse is made, including:

    a.   Conducting a prompt and thorough investigation of any reports of bullying or abuse;

    b.  Providing each student who violates the policy against bullying appropriate consequences and remedial action; and,

    c.  Protecting students against retaliation for reporting bullying or harassment.

96.     School District 15 policy also requires teachers to maintain discipline and report acts of bullying.

97.     School District 15 policy was not followed by Defendant SCHOOL DISTRICT 15 in that:

    a.  The School District 15 Superintendent or designee did not conduct any investigations into the abuse and bullying of DOE CHILD;

    b.  The School District 15 Superintendent or designee did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action; and,

    c.  The School District 15 Superintendent or designee did not protect DOE CHILD against retaliation for reporting the bullying and harassment.

98.     School District 15 policy was not followed by Defendant GROSCH, its agent, in that:

a. Defendant GROSCH's investigation, lasting less than 24 hours and consisting only of interviewing 2-4 students without speaking to supervising teachers, was not thorough;

b. Defendant GROSCH did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action;

c. Defendant GROSCH took no steps to protect DOE CHILD against retaliation for reporting the bullying and harassment nor did she address DOE CHILD's safety concerns;

d. Defendant GROSCH took no action to report the bullying and harassment faced by DOE CHILD to Department of Child and Family Services; and,

e. Defendant GROSCH took no steps to require the teachers of Marion Jordan School to maintain discipline during outdoor breaks or recess.

99.    School District 15 policy was not followed by Defendants, its agents, in that:

a. Defendants did not conduct any investigation into the abuse and bullying of DOE CHILD;

b. Defendants did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action;

c. Defendants took no steps to protect DOE CHILD against retaliation for reporting the bullying and harassment he faced;

d. Defendants did not fulfill their responsibility to maintain discipline by allowing students to play in an area where teachers' view was obstructed, placing DOE CHILD in a harmful environment by remaining near or inside the doors, knowingly avoiding their responsibility to supervise students playing near the

snow pile, not supervising or investigating DOE CHILD lying face down in the snow, standing idly by while DOE CHILD was held down so that he could not resist and assaulted in a sexual manner by another student; and

e. Defendants did not fulfill their responsibility to report acts of bullying by telling DOE CHILD not to tattle without taking his language disorder into consideration, continuously looking the other way when DOE CHILD was teased or bullied by other students, never reporting the subject incidents to their superiors or DCFS, and in essence tolerating harassment and bullying in direct violation of district policy.

100.  School District 15 policy was not being followed at Marion Jordan School during DOE CHILD's attendance and was not followed in the case of DOE CHILD's bullying, and in this action and omission Defendants SCHOOL DISTRICT 15, and GROSCH were deliberately indifferent to DOE CHILD, his disabilities, and subsequent deprivation of rights.

101.  Defendants' deliberate indifference to DOE CHILD's safety and School District 15 policy showcase an obvious need for training regarding bullying, harassment, discipline, reporting obligations, and supervision during outdoor break or recess.

102.  That the above actions and omissions by Defendants were deliberate and intentional and have resulted in violations of DOE CHILD's, rights to equal protection and due process, all in violation of the Fourteenth Amendment to the United States Constitution.

103.  That by reason of the aforesaid actions, DEFENDANT SCHOOL DISTRICT 15's actions exhibit deliberate indifference to and/or reckless disregard for the

constitutional rights of DOE CHILD and other similarly situated students, all in violation of his constitutional rights, and as a direct and proximate result thereof, he sustained damages in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

104.    WHEREFORE, Plaintiffs JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, and DOE CHILD pray for judgment against Defendant School District 15 and Defendant GROSCH, as agents of School District 15, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.


## COUNT V—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983: SUBSTANTIVE DUE PROCESS
**(Brought by John and Jane Doe A and Doe Child A against School District 15, and Jenny Grosch, as agent)**

105.    Plaintiffs incorporate by reference all preceding paragraphs.

106.    That DOE CHILD has a clearly established right to equal access to all benefits and privileges of a public education and a right to be free from said illegal practices and policies.

107.    The actions and omissions of DEFENDANT SCHOOL DISTRICT 15 and its actual agents, apparent agents, employees and/or servants, including DEFENDANT GROSCH, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

108.   As a result of Defendants' actions, DOE CHILD suffered a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

109.   School District 15's written policies and procedures, undertaking to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for District 15 employees, including Defendant GROSCH.

110.   School District 15 purports to follow a policy, outlined in the Handbook, of zero tolerance for harassment or bullying of any kind during any school sponsored program or activity on school property, specifically prohibiting bullying on the basis of actual or perceived physical or mental disability.

111.   According to School District 15 policy, the superintendent or designee has certain responsibilities when a report of bullying or abuse is made, including:

    a.   Conducting a prompt and thorough investigation of any reports of bullying or abuse;

    b.   Providing each student who violates the policy against bullying appropriate consequences and remedial action; and,

    c.   Protecting students against retaliation for reporting bullying or harassment.

112.   School District 15 policy also requires teachers to maintain discipline and report acts of bullying.

113.   School District 15 policy was not followed by Defendant SCHOOL DISTRICT 15 in that:

a. The School District 15 Superintendent or designee did not conduct any investigations into the abuse and bullying of DOE CHILD;

b. The School District 15 Superintendent or designee did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action; and,

c. The School District 15 Superintendent or designee did not protect DOE CHILD against retaliation for reporting the bullying and harassment.

114.    School District 15 policy was not followed by Defendant GROSCH, its agent, in that:

a. Defendant GROSCH's investigation, lasting less than 24 hours and consisting only of interviewing 2-4 students without speaking to supervising teachers, was not thorough;

b.  Defendant GROSCH did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action;

c. Defendant GROSCH took no steps to protect DOE CHILD against retaliation for reporting the bullying and harassment nor did she address DOE CHILD's safety concerns;

d. Defendant GROSCH took no action to report the bullying and harassment faced by DOE CHILD to Department of Child and Family Services; and,

e. Defendant GROSCH took no steps to require the teachers of Marion Jordan School to maintain discipline during outdoor breaks or recess.

115.    School District 15 policy was not followed by Defendants, its agents, in that:

a. Defendants did not conduct any investigation into the abuse and bullying of DOE CHILD;

b. Defendants did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action;

c. Defendants took no steps to protect DOE CHILD against retaliation for reporting the bullying and harassment he faced;

d. Defendants did not fulfill their responsibility to maintain discipline by allowing students to play in an area where teachers' view was obstructed, placing DOE CHILD in a harmful environment by remaining near or inside the doors, knowingly avoiding their responsibility to supervise students playing near the snow pile, not supervising or investigating DOE CHILD lying face down in the snow, standing idly by while DOE CHILD was held down so that he could not resist and assaulted in a sexual manner by another student; and

e. Defendants did not fulfill their responsibility to report acts of bullying by telling DOE CHILD not to tattle without taking his language disorder into consideration, continuously looking the other way when DOE CHILD was teased or bullied by other students, never reporting the subject incidents to their superiors or DCFS, and in essence tolerating harassment and bullying in direct violation of district policy.

116.  School District 15 policy was not being followed at Marion Jordan School during DOE CHILD's attendance and was not followed in the case of DOE CHILD's bullying, and in this action and omission Defendants SCHOOL DISTRICT 15, and

GROSCH were deliberately indifferent to DOE CHILD, his disabilities, and subsequent deprivation of rights.

117.     Defendants' deliberate indifference to DOE CHILD's safety and School District 15 policy showcase an obvious need for training regarding bullying, harassment, discipline, reporting obligations, and supervision during outdoor break or recess.

118.     Defendants put DOE CHILD into danger and a situation where their obligations to discipline, report, and supervise were not possible to fulfill by telling him not to tattle on his classmates without taking his disability into consideration.

119.     Defendants had a duty to observe, supervise, and protect DOE CHILD during outdoor breaks and recess and they failed to do so.

120.     As a direct and proximate result of the acts and omissions set forth above, DOE CHILD suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

121.     As a direct and proximate result of the acts and omissions set forth above, DOE CHILD suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

122.     WHEREFORE, Plaintiffs JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, and DOE CHILD pray for judgment against Defendant School District 15 and Defendant GROSCH, as agents of School District

15, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000),

interest on any damages awarded, and costs incurred in bringing this action.

## COUNT VI—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983: EQUAL PROTECTION
**(Brought by John and Jane Doe A and Doe Child A against School District 15, and Jenny Grosch, as agent)**

1.  Plaintiffs incorporate by reference all preceding paragraphs.

2.  That at all relevant times, DEFENDANT SCHOOL DISTRICT 15 and DEFENDANT GROSCH were acting as agents of and under color of state law.

3.  That the above actions by DEFENDANT SCHOOL DISTRICT 15 and its actual agents, apparent agents, employees and/or servants, including DEFENDANT GROSCH have resulted in the denial of equal protection rights, as a "class of one," all in violation of the Fourteenth Amendment to the United States Constitution, as Plaintiff was retaliated against, harassed, disciplined against, intimidated, and required to withdraw from school, all against his will, and differently than those similarly situated students.

4.  That the actions of Defendants were the result of personal animus against the DOE CHILD, and said actions and denials were taken without any rational basis.

5.  That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of DOE CHILD and other similarly situated students, all in violation of his constitutional rights.

6.  That by reason of the aforesaid actions, DOE CHILD suffered actions that were not inflicted upon regular education students that did not have disabilities.

7.        DOE CHILD was intentionally treated differently from the rest of his peers and there was no rational basis for the different treatment, including being told not to tattle on other students, being subjected to bullying, harassment, and sexual assaults by other students, and Defendant GROSCH not taking adequate action to prevent or deter the conduct complained of.

8.        School District 15 purports to follow a policy, outlined in the Handbook, of zero tolerance for harassment or bullying of any kind during any school sponsored program or activity on school property, specifically prohibiting bullying on the basis of actual or perceived physical or mental disability.

9.        According to School District 15 policy, the superintendent or designee has certain responsibilities when a report of bullying or abuse is made, including:

    a.   Conducting a prompt and thorough investigation of any reports of bullying or abuse;

    b.  Providing each student who violates the policy against bullying appropriate consequences and remedial action; and,

    c.  Protecting students against retaliation for reporting bullying or harassment.

10.      School District 15 policy also requires teachers to maintain discipline and report acts of bullying.

11.      School District 15 policy was not followed by Defendant SCHOOL DISTRICT 15 in that:

    a. The School District 15 Superintendent or designee did not conduct any investigations into the abuse and bullying of DOE CHILD;

b. The School District 15 Superintendent or designee did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action; and,

c. The School District 15 Superintendent or designee did not protect DOE CHILD against retaliation for reporting the bullying and harassment.

12. School District 15 policy was not followed by Defendant GROSCH, its agent, in that:

a. Defendant GROSCH's investigation, lasting less than 24 hours and consisting only of interviewing 2-4 students without speaking to supervising teachers, was not thorough;

b. Defendant GROSCH did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action;

c. Defendant GROSCH took no steps to protect DOE CHILD against retaliation for reporting the bullying and harassment nor did she address DOE CHILD's safety concerns;

d. Defendant GROSCH took no action to report the bullying and harassment faced by DOE CHILD to Department of Child and Family Services; and,

e. Defendant GROSCH took no steps to require the teachers of Marion Jordan School to maintain discipline during outdoor breaks or recess.

13. School District 15 policy was not followed by Defendants, its agents, in that:

a. Defendants DOE TEACHERS 1-3 did not conduct any investigation into the abuse and bullying of DOE CHILD;

b. Defendants did not provide any of the students abusing or bullying DOE CHILD with appropriate consequences and remedial action;

c. Defendants took no steps to protect DOE CHILD against retaliation for reporting the bullying and harassment he faced;

d. Defendants did not fulfill their responsibility to maintain discipline by allowing students to play in an area where teachers' view was obstructed, placing DOE CHILD in a harmful environment by remaining near or inside the doors, knowingly avoiding their responsibility to supervise students playing near the snow pile, not supervising or investigating DOE CHILD lying face down in the snow, standing idly by while DOE CHILD was held down so that he could not resist and assaulted in a sexual manner by another student; and

e. Defendants did not fulfill their responsibility to report acts of bullying by telling DOE CHILD not to tattle without taking his language disorder into consideration, continuously looking the other way when DOE CHILD was teased or bullied by other students, never reporting the subject incidents to their superiors or DCFS, and in essence tolerating harassment and bullying in direct violation of district policy.

14. School District 15 policy was not being followed at Marion Jordan School during DOE CHILD's attendance and was not followed in the case of DOE CHILD's bullying, and in this action and omission Defendants SCHOOL DISTRICT 15 and GROSCH were deliberately indifferent to DOE CHILD, his disabilities, and subsequent deprivation of rights.

15.     Defendants' deliberate indifference to DOE CHILD's safety and School District 15 policy showcase an obvious need for training regarding bullying, harassment, discipline, reporting obligations, and supervision during outdoor break or recess.

16.     Defendants put DOE CHILD into danger and a situation where their obligations to discipline, report, and supervise were not possible to fulfill by telling him not to tattle on his classmates without taking his disability into consideration.

17.     Defendants had a duty to observe, supervise, and protect DOE CHILD during outdoor breaks and recess and they failed to do so.

18.     As a direct and proximate result of the acts and omissions set forth above, DOE CHILD suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

19.     As a direct and proximate result of the acts and omissions set forth above, DOE CHILD suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

20.     WHEREFORE, Plaintiffs JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, and DOE CHILD pray for judgment against Defendant School District 15 and Defendant GROSCH, as agents of School District 15, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

Respectfully Submitted,

ROMANUCCI & BLANDIN, LLC

By: _B. Raveend_____

                    Attorney for Plaintiffs

Antonio M. Romanucci
Bhavani Raveendran
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street
Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Attorney No.: 35875

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

JOHN and JANE DOE, individually and as   )
parents and next friends of DOE CHILD, a  )
minor;                                     )
                                           )
      Plaintiffs,                 )
                                           )    No.  16 L
               v.                  )
                                           )
COMMUNITY CONSOLIDATED SCHOOL      )
DISTRICT 15; JENNY GROSCH, individually )
and as an agent of Community Consolidated )
School District 15;                        )
                                           )
      Defendants.                 )
                                           )
                                           )

2017L000647
CALENDAR/ROOM F
TIME 00:00
Tort — Intentional

## JURY DEMAND

The undersigned demands a jury trial.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

By: _B. Raveendran_

Bhavani Raveendran
Attorney for the Plaintiff

Bhavani Raveendran
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL  60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: nward@rblaw.net
Attorney No.: 35875

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOHN and JANE DOE, individually and as parents and next friends of DOE CHILD, a minor;<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY CONSOLIDATED SCHOOL DISTRICT 15; JENNY GROSCH, individually and as an agent of Community Consolidated School District 15;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 16 L<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2017L000647
CALENDAR/ROOM F
TIME 00:00
Tort - Intentional

### AFFIDAVIT REGARDING DAMAGES SOUGHT

BHAVANI RAVEENDRAN, being first duly sworn under oath, states as follows:

1.   That your affiant is one of the attorneys of record for the party in this matter.

2.   That the total money damages sought in this civil action exceeds $50,000.

FURTHER AFFIANT SAYETH NOT.

_____
Bhavani Raveendran

Bhavani Raveendran
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: nward@rblaw.net
Attorney No.: 35875